**Ex parte Ralph Kenneth: EVANS, Relator**

No. 96–1213.

Supreme Court of Texas.

Feb. 21, 1997.

---

Ralph Kenneth: Evans, Garland, pro se.

Robert M. Greenberg, Dallas, for appellee.

## OPINION

### PER CURIAM

Relator challenges a criminal contempt judgment by writ of habeas corpus. The trial court held relator in contempt and incarcerated him for filing a federal court lawsuit, in violation of an injunction the 14th District Court of Dallas County issued. Because the trial court was without power to enjoin *in personam* federal court litigation, we order relator discharged.

In 1993, the City of Dallas sued relator Ralph Kenneth:[1] Evans in the 44th District Court of Dallas County. The record reflects only that this suit involved Evans' alleged violation of a city building-code provision and that the trial court decided the case adversely to Evans without a jury trial. The record does not reveal the precise nature of the City's claims or the specific relief the trial court granted. Evans later sued the judge of the 44th District Court, Candace Tyson, in the United States District Court for the Northern District of Texas, alleging a viola-

tion of 42 U.S.C. § 1983. Evans claimed that Judge Tyson violated his civil rights in the earlier litigation by denying him a jury trial based on his religion. The federal court dismissed this suit, and the United States Court of Appeals for the Fifth Circuit dismissed Evans' appeal for want of prosecution.

Evans then purported to sue Judge Tyson in the "Republic of Texas, Milam District Court of Common Law Pleas." He later filed another fictitious suit in the "Superior Court of Dallas County." Judge Tyson then filed an action for injunctive relief, obtaining a temporary injunction from the 14th District Court of Dallas County enjoining Evans from

> filing any other action against [Judge Tyson], individually or in her capacity as a District Judge, with any court, clerk, person or entity other than [the 14th District Court] or after obtaining an order from this Court.

In violation of this injunction, Evans later filed another suit against Judge Tyson in the United States District Court for the Northern District of Texas.[2] Judge Tyson then moved for contempt. After a hearing at which relator appeared pro se, the trial court rendered a judgment of contempt and sentenced relator to 180 days in jail.

Relator was incarcerated September 13, 1996. After the court of appeals denied habeas corpus relief, Evans sought relief from this Court. We ordered him released on bond pending our consideration of the merits.

Subject to certain exceptions, state courts have authority to enjoin litigation in other state courts, either of their own or other states. *See, e.g., Golden Rule Ins. Co. v. Harper,* 925 S.W.2d 649 (Tex.1996). However, it is settled that "state courts are completely without power to restrain federal court proceedings in *in personam* actions." *Donovan v. City of Dallas,* 377 U.S. 408, 413, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). *See also General Atomic Co. v. Felter,* 434 U.S. 12, 16, 98 S.Ct. 76, 78, 54 L.Ed.2d 199

---

1. The punctuation in relator's name is intentional, reflecting the way he spells it.

2. The record does not reflect whether Judge Tyson answered this complaint or the present status of the suit.

(1977) (holding that the *Donovan* rule applies regardless of whether the injunction is issued before or after the federal court filing); *Gannon v. Payne,* 706 S.W.2d 304, 305 (Tex.1986) ("Clearly, Texas state courts are not ordinarily at liberty to enjoin litigants from proceeding with a suit filed in the federal court system of this nation."). Because the trial court had no authority to enjoin Evans from filing a federal court lawsuit, the court's judgment of contempt against Evans for filing that lawsuit is void.

Accordingly, the Court orders relator discharged.