Daniel E. BODINE, Cyril N. Burke, Walter B. Chmielewski, O.B. Fowler, Jr., Sally A. Gurley, William R. Heyduck, J.F. Louther, Doug Mahan, Richard J. McAvoy, Royce G. Ogden, Garold J. Penniston, Robert L. Reeves, Larry Dowell Scarborough, and J. Cal Courtney, Jr., Appellants,

v.

Jack M. WEBB, Special Deputy Receiver Under Contract to the Commissioner of Insurance as Permanent Receiver of Employers Casualty Company, Appellee.

No. 03–98–00012–CV.

Court of Appeals of Texas, Austin.

May 6, 1999.

J. Cal Courtney, Jr., Courtney & Associates, P.C., Houston, for appellants.

Amy Jeanne Welton, Saegert, Angenend & Augustine, Austin, for appellee.

Before Chief Justice ABOUSSIE, Justices JONES and YEAKEL.

MARILYN ABOUSSIE, Chief Justice.

This is an interlocutory appeal in which appellants, Daniel E. Bodine, Cyril N. Burke, Walter B. Chmielewski, O.B. Fowler, Jr., Sally A. Gurley, William R. Heyduck, J.F. Louther, Doug Mahan, Richard J. McAvoy, Royce G. Ogden, Garold J. Penniston, Robert L. Reeves, Larry Dowell Scarborough, and their attorney, J. Cal Courtney, Jr., challenge the state district court's temporary injunction prohibiting them from pursuing a federal lawsuit. We will vacate the temporary injunction.

## STATEMENT OF FACTS

At the center of this action and the federal lawsuit is the retirement plan of Employers Casualty Company ("ECC"), an insurance company organized under the laws of Texas, and its affiliates. The plan is known as the TEECCO Employee Retirement Plan. Appellants, former ECC employees, allege ECC agreed to pay enhanced retirement benefits to plan participants whose jobs were terminated in workforce reductions between October 1, 1990 and December 31, 1993.

ECC's financial difficulties caused the state district court to appoint the state commissioner of insurance as permanent receiver and Jack M. Webb as special deputy receiver for ECC. The court rendered a permanent injunction barring appellants and others from bringing claims against

ECC or the receiver outside of the receivership proceedings.[1]

Despite the permanent injunction, appellants[2] filed suit in federal district court, invoking jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C.A. §§ 1001–1461 (West 1985 & Supp.1998). In the federal suit, they allege mismanagement of their retirement benefit plan by many defendants, including Webb, the appellee here. The appellants accuse certain defendants[3] of breaching their fiduciary duty to administer the plan by failing to classify appellants as employees terminated before December 31, 1993 in connection with a reduction in workforce. Appellants allege that defendants breached their fiduciary duties by violating anti-cutback laws. *See* 29 U.S.C.A. § 1054(g). They finally complain that defendants, by not classifying appellants as workforce-reduction victims, impermissibly discriminated against them under ERISA. The remedies appellants request include refunding of the plan by those who damaged it, a recalculation of benefits to include enhanced benefits, imposition of a constructive trust on plan assets, and allocation of plan assets as if appellants had been classified as workforce-reduction victims.

Upon being served in the federal action, Webb sought in state district court a temporary injunction and an order enforcing the permanent injunction the state court had issued at the commencement of the receivership proceeding. The state district court issued a temporary injunction enjoining the appellants from pursuing their federal lawsuit.

## STANDARD OF REVIEW

The sole issue presented to this Court is whether the state district court clearly abused its discretion in granting the temporary injunction prohibiting appellants from proceeding with their federal lawsuit. *See Transport Co. v. Robertson Transp., Inc.,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953). A district court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ The critical factor in this case is the nature of the federal suit. The nature of a suit is a question of law for the court to determine solely from the facts alleged in the petition, the principal rights asserted, and the relief sought. *See Zellen v. Second New Haven Bank,* 454 F.Supp. 1359, 1362 (D.Conn.1978); *South Padre Dev. Co. v. Texas Commerce Bank, N.A.,* 538 S.W.2d 475, 480 (Tex.Civ.App.—Corpus Christi 1976, no writ).

## DISCUSSION

■ The parties concur that this appeal turns on whether the federal action is classified as *in rem, quasi in rem,* or *in personam.* The classification of the federal suit determines whether the state court

---

1. The order appointing the permanent receiver also included a permanent injunction, which, in part pertinent to this appeal, enjoined employees of ECC from
   > [i]nterfering in any way, with these proceedings or the lawful acts of the Permanent Receiver or his designees, and from commencing, or prosecuting any action or appeal or arbitration ... against [ECC] or against its property ... except by doing so in the receivership proceedings herein, and from asserting any claims against [ECC] or against the Permanent Receiver thereof, except through these receivership proceedings.

2. All appellants except attorney Courtney were ECC employees and are plaintiffs in the federal court action. For simplicity, we will refer to "appellants" when discussing the federal court action, with the understanding that Courtney is not included.

3. The defendants not accused under this count are Prudential Insurance Company of America, Hartford Insurance Company, Robert Loiseau, Dan Heiman, Jon Nogarede, and Webb.

may enjoin the parties from pursuing it. When federal and state courts have pending before them actions whose subject is the same *res* which each court must control and dispose of in order to make its relief effective, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. *See Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195–96, 55 S.Ct. 386, 79 L.Ed. 850 (1935). Thus, a state court can enjoin parties from pursuing *in rem* or *quasi in rem* proceedings in federal court. *See Donovan v. City of Dallas*, 377 U.S. 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964). A state court cannot, however, enjoin a federal *in personam* action. *See id.* at 413, 84 S.Ct. 1579; *Ex parte Evans*, 939 S.W.2d 142, 143 (Tex. 1997); *see generally* Ralph E. Clark, *A Treatise on the Law and Practice of Receivers* § 625.3 (3d ed.1959).

▉ Certain features distinguish actions *in rem* from actions *in personam*. An *in rem* action is a proceeding or action instituted directly against a thing, an action taken directly against property, or an action that is brought to enforce a right in the thing itself. *See Stephenson v. Walker*, 593 S.W.2d 846, 849 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ). A *quasi in rem* proceeding is an action between parties where the object is to reach and dispose of property owned by them or of some interest therein. *See Citizens Nat'l Bank v. Cattleman's Prod. Credit Ass'n*, 617 S.W.2d 731, 737 (Tex.Civ.App.—Waco 1981, no writ). While an *in rem* action affects the interests of all persons in the world in the thing, a *quasi in rem* action affects only the interests of particular persons in the thing. *See Green Oaks Apts., Ltd. v. Cannan*, 696 S.W.2d 415, 418 (Tex. App.—San Antonio 1985, no writ). The effect of a judgment in both cases, though, is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner. *See Shaffer v. Heitner*, 433 U.S. 186, 199, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). An action *in personam* is sometimes defined as a pro-

ceeding brought against a person to enforce personal rights or obligations. *See Cannan*, 696 S.W.2d at 418. The object of an *in personam* action is a judgment against the person, rather than a judgment against property to determine its status. *Id.*

▉ Although the matter before us requires a fine distinction, we conclude that appellants' federal lawsuit is an *in personam* action. Appellants allege in the federal suit that the defendants' mismanagement of the plan wrongfully denied them enhanced benefits. They allege a violation of ERISA's anti-discrimination policy and breach of fiduciary duties both in administering the plan and in violating the federal anti-cutback laws. Appellants' federal lawsuit is not directly against the receivership property. Rather, it is brought to secure a judgment against defendants that they mismanaged the plan.

The receiver argues that the federal lawsuit is *in rem* because appellants seek to impose a constructive trust on all plan assets. However, the appellants also seek restoration of the plan by those who breached their duties and an order that correctly calculates the benefits due under the plan. The relief sought thus may extend beyond the receivership property to individuals' assets, further indicating that the federal suit is *in personam*. *See Shaffer*, 433 U.S. at 199, 97 S.Ct. 2569. The federal court will not need to acquire control and possession of the receivership property in order to determine if the defendants breached their fiduciary duties or illegally discriminated against appellants. To the extent that the remedy appellants seek does not interfere with the state court's constructive possession of the *res*, the federal court would have the ability to grant relief. *See Markham v. Allen*, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946). Consequently, we hold that the federal lawsuit is an *in personam* action, and the state district court was without power to issue the injunction.

▉ We are further persuaded that the state district court abused its discre-

tion by enjoining appellants' federal lawsuit because it appears that the federal court has exclusive jurisdiction over the claims appellants filed in federal court. Because this is a question of jurisdiction rather than merely preemption of applicable law, we can and must consider it on appeal. *See Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 547 (Tex.), *cert. denied*, 502 U.S. 824, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991). To enjoin a federal suit, a state court must have jurisdiction at least concurrent with the federal court. *See Penn Gen.*, 294 U.S. at 196, 55 S.Ct. 386; *see generally* 42 Am.Jur.2d *Injunctions* § 228 (1969) (when state court and court of United States *may each take jurisdiction of a matter*, tribunal whose jurisdiction first attaches holds it to exclusion of other) (emphasis added). Most ERISA suits are within the exclusive jurisdiction of the federal courts. *See* 29 U.S.C.A. § 1132(e) (West Supp.1998); *see also Gorman*, 811 S.W.2d at 545. ERISA allows state courts concurrent jurisdiction over suits by beneficiaries: (1) to recover benefits due under the terms of the plan; (2) to enforce rights under the plan; or (3) to clarify rights to future benefits. 29 U.S.C.A. § 1132(a)(1)(B) (West 1985); *see Gorman*, 811 S.W.2d at 545. Appellants' claim for breach of fiduciary duty relating to the administration of an ERISA plan falls within the exclusive jurisdiction of the federal courts. *See Old Sec. Life Ins. v. Continental Ill. Nat'l Bank & Trust Co.*, 740 F.2d 1384, 1395 (7th Cir.1984); *Gorman*, 811 S.W.2d at 547. The claim for violation of ERISA's anti-discrimination policy amounts to a claim of improper handling of the plan, and therefore does not fall within a concurrent jurisdiction category. *See* 29 U.S.C.A. § 1132(e)(1) (West Supp.1998); *see also Manahan v. Meyer*, 862 S.W.2d 130, 134 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Because the federal court has exclusive jurisdiction over appellants' claims, the state court cannot enjoin appellants from proceeding in federal court.[4]

By supplemental brief, appellees contend that the McCarran–Ferguson Act permits the state receivership statute to preempt ERISA regulation. *See* 15 U.S.C.A. § 1012(b) (West 1997). The Act provides in relevant part, "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance." *Id.* The Fifth Circuit has a three-part test for McCarran–Ferguson reverse preemption. *Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 590 (5th Cir.), *cert. denied*, — U.S. ——, 119 S.Ct. 539, 142 L.Ed.2d 448 (1998). The state statute has priority over the federal statute only if "(1) the federal statute does not specifically relate to the 'business of insurance,' (2) the state law was enacted for the 'purpose of regulating the business of insurance,' and (3) the federal statute operates to 'invalidate, impair, or supersede' the state law." *Id.* In *Munich*, the Fifth Circuit held that, because the Federal Arbitration Act did not specifically relate to the business of insurance, Oklahoma receivership laws governing the liquidation of an insolvent insurance company preempted the arbitration act and required dismissal of a federal-court suit to compel arbitration of an insurance settlement dispute. *Id.* at 594. In that case, however, there was "no question that the [Federal Arbitration Act] does not relate specifically to the business of insurance." *Id.* at 591. Here, the applicable federal law is instead ERISA.

We conclude that McCarran–Ferguson reverse preemption does not apply in this case. We note first that McCarran–Ferguson reverse preemption appears superfluous in this case because ERISA itself provides that it does not "exempt or relieve any person from any law of any State which regulates insurance." 29 U.S.C.A. § 1144(b)(2)(A) (West 1988). Furthermore, ERISA by its own terms supersedes "any and all State laws insofar as they

---

**4.** Whether the federal court has exclusive jurisdiction over the ERISA claims does not af-

fect the state district court's jurisdiction over the receivership proceeding.

may now or hereafter relate to any employee benefit plan." 29 U.S.C.A. § 1144(a) (West 1985). Once again, we must examine the nature of the federal case—is it about insurance or the employee benefit plan? We conclude that the federal case is about the benefit plan; the fact that the benefit plan at issue happens to belong to an insurance company does not vitiate the strongly expressed federal interest in protecting pension beneficiaries. Based on the record before us, neither McCarran–Ferguson nor ERISA's own reverse preemption applies.

Because ERISA preemption applies, its jurisdictional provisions apply. As discussed above, ERISA provides for exclusive jurisdiction by the federal courts over the *in personam* type of claims appellants brought in federal court. The state district court abused its discretion by enjoining the federal suit.

## CONCLUSION

We sustain appellants' sole point of error and vacate the temporary injunction. This disposition does not alter the original permanent injunction on which the temporary injunction was based.