TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00228-CV






Jessica Mychelle Woodard, Appellant



v.



Michigan Mutual Insurance Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-05793-A, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING






 This appeal arises out of a suit filed by appellee Michigan Mutual Insurance Company
("Michigan Mutual") against appellant Jessica Mychelle Woodard, alleging breach of a subrogation
contract. Woodard contends Michigan Mutual's claims were barred by limitations. Because
Michigan Mutual has not demonstrated that it is entitled to summary judgment, we will reverse and
remand.


Factual and Procedural Background

 In August 1990, Thomas Deitrick, while in the scope of his employment, was killed
in an automobile accident with a vehicle driven by Charles Roberts. Deitrick was survived by two
daughters who were born in May 1989 and October 1990. Woodard was Deitrick's wife and is the
mother of his children, and Michigan Mutual was the worker's compensation carrier for Deitrick's
employer. Michigan Mutual paid indemnity benefits to Woodard and her children amounting to
more than $112,000. When Woodard remarried, she received a "lump sum dowry" and stopped
receiving benefits. The children continued to get about $224 each week from Michigan Mutual. 
Michigan Mutual also paid "its policy limits of $300,000.00 under its uninsured/underinsured
motorist insurance policy" with Deitrick's employer. In September 1992, Woodard and her children
sued Roberts under Texas' wrongful death and survival statute. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 71.001-.052 (West 1997 & Supp. 2002). Their suit against Roberts was disposed of on
September 29, 1992, when the trial court signed a final judgment ("the Roberts judgment") awarding
Woodard and both children $4,000 each, for a total of $12,000, pursuant to a settlement agreement. (1)
Woodard did not reimburse Michigan Mutual with the settlement monies.

 In May 1996, Michigan Mutual sued Roberts. Roberts moved for summary judgment,
contending that a release signed by Woodard as part of the settlement of her lawsuit barred Michigan
Mutual from bringing any claims against him. On October 28, 1996, Michigan Mutual amended its
petition to name Woodard as a defendant. In January 1997, the district court granted Roberts's
motion for summary judgment and severed Michigan Mutual's claims against him into a separate
proceeding. (2) In March 2000, Michigan Mutual filed a "Motion for Final Summary Judgment"
contending that, as a matter of law, Woodard destroyed Michigan Mutual's subrogation rights and
breached the subrogation clause of her contract with Michigan Mutual. (3) Michigan Mutual sought
$12,000 (the amount Woodard and the children were awarded under the Roberts judgment) plus
interest and attorney's fees. On June 21, Woodard responded that Michigan Mutual's cause of action
was barred by the four-year statute of limitations applicable to breach-of-contract claims. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997); Heron Fin. Corp. v. United States Testing Co.,
926 S.W.2d 329, 331 (Tex. App.--Austin 1996, writ denied). Both Michigan Mutual and Woodard
state in their briefs and pleadings that on or about June 22, the district court granted Michigan
Mutual's first motion for summary judgment on all issues except limitations and attorney's fees,
leaving those issues for a later determination. (4) On October 27, Michigan Mutual filed a "Motion for
Summary Judgment on Remaining Issues," responding to Woodard's limitations defense and arguing
for attorney's fees. Woodard did not file a response to the second motion. On December 7, the
district court signed an order permitting Woodard's attorney to withdraw from the case. On
December 14, the district court rendered final summary judgment in favor of Michigan Mutual in
the amount of $23,120--$12,000 in actual damages, $5,340 in interest, and $5,780 in attorney's fees. 
In February 2001, represented by new counsel, Woodard filed a motion for new trial. She also filed,
in the alternative, a motion to reform the judgment, arguing that the district court should not have
awarded attorney's fees because Michigan Mutual's counsel did not segregate the services performed
regarding the suit against Woodard from the suit against Roberts and asking that the damages be
awarded separately against each defendant. In April 2001, the district court signed a reformed
judgment essentially partitioning Michigan Mutual's damages against Woodard in her individual
capacity and against her as parent of each minor child.


Standard of Review

 Summary judgment is properly granted only when the movant establishes that there
are no genuine issues of material fact to be decided and that it is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991);
Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.--Austin 2000, no pet.). In reviewing the grant
of summary judgment, we view the evidence in the light most favorable to the nonmovant and make
every reasonable inference and resolve all doubts in favor of the nonmovant. Centeq Realty, Inc. v.
Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Holmstrom, 26 S.W.3d at 530. 

 A defendant relying on an affirmative defense such as limitations must plead and
prove as a matter of law each element of the defense. Centeq Realty, 899 S.W.2d at 197; Heron Fin.
Corp., 926 S.W.2d at 332. If the defendant establishes her limitations defense, the plaintiff must
then present evidence sufficient to raise a fact issue on when the cause of action accrued. Centeq
Realty, 899 S.W.2d at 197.


Discussion

 Woodard complains that the district court erred in granting Michigan Mutual's
motion for summary judgment and in denying her motion for new trial because Michigan Mutual's
cause of action was barred by the applicable statute of limitations. Michigan Mutual responds that
Woodard did not establish that its claims were so barred. (5)

 In her response to Michigan Mutual's motion for summary judgment, Woodard
argued that Michigan Mutual's cause of action accrued no later than September 29, 1992, the date
the Roberts judgment was signed and filed. She was not named as a defendant until Michigan
Mutual amended its pleadings on October 28, 1996, four years and one month later. Therefore, she
contended, Michigan Mutual's claims against her were barred by the applicable four-year statute of
limitations. See Heron Fin. Corp., 926 S.W.2d at 331. Woodard attached a copy of the Roberts
judgment to her response to Michigan Mutual's motion.

 Michigan Mutual replied:


[Woodard] contends the claim is barred by limitations. [Michigan Mutual] would
show that limitations is not applicable for the following three reasons:


1. As to the sums paid to the minor children, these funds were escrowed, as
provided in the settlement agreement from the prior case, until the children reach
age of majority (which is several years away). As such, limitations is not an
issue as to these funds, as this is an action in rem to acquire possession of these
funds rightfully belonging to [Michigan Mutual].

2. Second, [Michigan Mutual's] claims are based on contract, so a four-year statute
of limitations applies. [Michigan Mutual] filed suit within four years of the
judgment in the prior action becoming final.


3. Third, the children are minors, and as such, limitations is tolled as to the claim
against them, based upon their disability.


Michigan Mutual did not cite any legal authority or produce any summary-judgment evidence to
support its arguments.

 On appeal, Woodard again points to the Roberts judgment to show that Michigan
Mutual's breach-of-contract claim is barred by limitations. Michigan Mutual argues that Woodard's
summary-judgment evidence did not establish when Michigan Mutual's cause of action accrued
because: (1) the Roberts judgment was not final until thirty days after it was signed, exactly four
years before Woodard was named as a defendant; (2) the breach did not occur when the Roberts
judgment was signed, but when Woodard failed to reimburse Michigan Mutual with the proceeds;
and (3) by pleading fraud and constructive fraud, Michigan Mutual tolled limitations until it by due
diligence discovered its cause of action. 


Did Fraud Toll the Statute of Limitations?

 Initially, we note that Michigan Mutual did not argue before the district court that
limitations were tolled due to fraud. In reviewing a summary judgment, we are limited to
considering the issues that were presented to the trial court in motions for and responses to summary
judgment. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
677 (Tex. 1979); Byars v. City of Austin, 910 S.W.2d 520, 524 (Tex. App.--Austin 1995, writ
denied). Even if we consider Michigan Mutual's argument, we are not persuaded. Michigan Mutual
states simply that it "pleaded causes of action for fraud and constructive fraud, which would have
been tolled due to the discovery rule (until Michigan Mutual in due diligence discovered the cause
of action)." However, Michigan Mutual presented no evidence that Woodard fraudulently delayed
its discovery of the breach. See American Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex. 1994)
(party asserting fraudulent concealment must produce proof to raise fact issue on claim; mere
pleading or allegation of fraud does not satisfy burden); Elite Towing, Inc. v. LSI Fin. Group, 985
S.W.2d 635, 641 (Tex. App.--Austin 1999, no pet.) (pleadings set out controversy but are not
summary-judgment proof). Michigan Mutual's motions for summary judgment do not reference
fraud. Indeed, Michigan Mutual moved for final summary judgment on its breach-of-contract claim
alone and does not complain that the district court erred in dismissing its fraud claims. Michigan
Mutual's mere pleading of fraud did not establish that statute of limitations was tolled due to fraud.


Was the Action Against the Children Tolled Until They Reached Adulthood?

 Michigan Mutual argued to the district court that because Woodard's children were
minors, "limitations [was] tolled as to the claim against them, based upon their disability." (6)

 A child is considered to be under a legal disability until the child turns eighteen. Tex.
Civ. Prac. & Rem. Code Ann. § 16.001(a)(1) (West Supp. 2002). If a person is entitled to bring a
personal action and was under a legal disability when the cause of action accrued, the limitations
period does not begin to run until the disability is removed. Id. § 16.001(b). 

 Michigan Mutual has cited no authority for the proposition that a party seeking to
proceed against a minor may use the minor's legal disability against the minor, and we have been
unable to find such authority. The tolling statute generally protects a legally disabled party with no
access to the courts and ensures that the party's right to bring suit will not be precluded by
limitations before the disability is removed. Ruiz v. Conoco, Inc., 868 S.W.2d 752, 755 (Tex. 1993)
(quoting Johnson v. McLean, 630 S.W.2d 790, 793 (Tex. App.--Houston [1st Dist.] 1982, no writ)). 
Allowing a party to wield a minor's disability against the minor would subvert the purpose of the
tolling statute. See id.; Johnson, 630 S.W.2d at 793 (tolling statute is intended as a shield, not an
offensive weapon); see also Tex. Civ. Prac. & Rem. Code Ann. § 16.001(b) (limitations tolled only
if the person "entitled to bring a personal action is under a legal disability when the cause of action
accrues" (emphasis added)); S.V. v. R.V., 933 S.W.2d 1, 33 (Tex. 1996) (Owens, J., dissenting)
("statutes of limitations serve the important purpose of 'preventing surprises through the revival of
claims that have been allowed to slumber'") (quoting Order of R.R. Telegraphers v. Railway Express
Agency, 321 U.S. 342, 348-49 (1944)); 51 Am. Jur. 2d Limitation of Actions § 172 (2000) ("tolling
provisions in statutes of limitation are to be strictly construed, and cannot be enlarged on the basis
of apparent hardship or inconvenience") (citations omitted); 54 C.J.S. Limitations of Actions § 106
(1987) ("A personal disability saving a person from the operation of the statute of limitations may
be set up only by such person himself or those claiming under him"). (7) We hold that Michigan
Mutual may not assert the children's legal disability against them to rebut a limitations defense.


Did Woodard Establish When the Cause of Action Accrued?

 A breach-of-contract claim is governed by the four-year statute of limitations. Tex.
Civ. Prac. & Rem. Code Ann. § 16.051; Heron Fin. Corp., 926 S.W.2d at 331. Limitations usually
begin to run at the time of the breach. Heron Fin. Corp., 926 S.W.2d at 331.

 In its second amended petition, the live pleading at the time summary judgment was
granted, Michigan Mutual pleaded that Woodard "breached [her] contractual obligations by settling
without reimbursing Michigan Mutual's subrogation interests." (8) (Emphasis added.) In its motion
for summary judgment, Michigan Mutual made a preemptive argument against a limitations defense,
stating:


[A]lthough [Woodard has] not pled limitations as a defense, it is not applicable to
[Michigan Mutual's] claims, because by virtue of the contractual rights, [Michigan
Mutual] has four years from the date of settlement to bring suit against [Woodard]. 


(Emphasis added.)

 Woodard produced summary-judgment proof that the Roberts judgment was signed
more than four years before Michigan Mutual sued Woodard; the Roberts judgment references and
approves a settlement agreement. Michigan Mutual did not produce proof that established as a
matter of law when its breach-of-contract cause of action accrued, and a question of fact remains as
to that date--the contract may have been breached when Woodard signed settlement papers or
received her settlement monies, the date of which has not been established; when the Roberts
judgment was signed and filed; or when the Roberts judgment became final. Without making any
judgment as to the validity of Michigan Mutual's arguments, we hold that Woodard raised a fact
issue sufficient to defeat Michigan Mutual's motion for summary judgment on the issue of
limitations. We sustain Woodard's issue on appeal.

 We reverse the district court's judgment and remand the cause for further
proceedings.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: May 23, 2002

Do Not Publish

1. Woodard and her children were joined in their suit against Roberts by Deitrick's parents,
each of whom was also awarded $4,000 under the settlement agreement and final judgment.
2. Michigan Mutual appealed the summary judgment rendered for Roberts, and this Court
affirmed that judgment. See Michigan Mutual Mut. Ins. Co. v. Roberts, No. 03-97-00163-CV, 1998
Tex. App. LEXIS 509 (Tex. App.--Austin Jan. 29, 1998, pet. denied) (not designated for
publication).
3. Michigan Mutual sued Woodard for breach of contract, reimbursement, fraud, constructive
fraud, conversion, and conspiracy. However, Michigan Mutual moved for "final summary
judgment" on its breach of contract claim alone, the district court's order recites that it is a final
judgment and denies all other relief, and Michigan Mutual does not address its other claims on
appeal. We assume Michigan Mutual has waived all claims other than breach of contract.
4. The clerk's record does not include any orders signed by the district court on or about June 22
or related to Michigan Mutual's first motion for summary judgment. Neither does the docket sheet
indicate that any such order was entered, but it does indicate that a hearing on Michigan Mutual's
first motion was set for June 22.
5. Woodard raised her limitations defense in her response to Michigan Mutual's first motion
for summary judgment and did not respond to Michigan Mutual's second motion. Michigan Mutual
contends that, because Woodard did not respond to or appear at the hearing on the second motion,
she is barred from raising her limitations issue on appeal. We disagree.


 It is true that a party may only appeal issues presented to a trial court in a motion for or
response to summary judgment. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 677 (Tex. 1979); Byars v. City of Austin, 910 S.W.2d 520, 524 (Tex.
App.--Austin 1995, writ denied). Whether or not Woodard appeared at the hearing, held one week
after her attorney withdrew from the case, she raised her limitations defense before the district court,
thus necessitating Michigan Mutual's second motion responding to her defense. Woodard may raise
on appeal this issue which was adequately presented to the district court.
6. Michigan Mutual also contends that its claim as to settlement funds awarded to the children
was an action in rem and, because those funds were placed in escrow until the children were adults,
limitations was not an issue. We disagree.


 An action in rem is brought directly against an item of property, and an action quasi in rem is
brought against a party but seeks only to determine the parties' rights in property; an action in rem
or quasi in rem does not impose personal liability on the property owner. Bodine v. Webb, 992
S.W.2d 672, 676 (Tex. App.--Austin 1999, no pet.). An action in personam is brought against a
person to enforce personal rights or obligations and seeks a judgment against that person. Id.


 After Roberts pleaded he had been released from liability, Michigan Mutual amended its
petition to name Woodard as a defendant as an individual and as parent and next friend of her
children; Michigan Mutual named the children as plaintiffs. Michigan Mutual brought multiple
causes of action against Woodard, seeking to impose personal liability on her, and requested
exemplary damages for fraud, conversion, and conspiracy. We do not believe that Michigan Mutual's
claims related to monies paid to Woodard's children were brought by way of an in rem action.
7. Cf. Nolan v. United States, 205 B.R. 885, 888 n.15 (Bankr. M.D. Tenn. 1997)(quoting City of
Chattanooga v. Louisville & Nashville R.R. Co., 298 F. Supp. 1, 9 (E.D. Tenn. 1969), aff'd, 427 F.2d
1154 (6th Cir. 1970)) (estoppel does not create cause of action; operates only as shield and never as
sword).
8. Generally, pleadings do not constitute summary-judgment proof. Clear Creek Basin Auth.,
589 S.W.2d at 678; Brooks v. Center for Healthcare Servs., 981 S.W.2d 279, 283 (Tex. App.--San
Antonio 1998, no pet.). However, assertions of fact in live pleadings not pleaded in the alternative
may be considered judicial admissions. Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 767
(Tex. 1983); Brooks, 981 S.W.2d at 283.