**Reversed and Rendered and Memorandum Opinion filed October 1, 2024.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-23-00716-CV

### PRESTON WOOTEN AND CHERYL WOOTEN, Appellants

### V.

### KREISSPARKASSE BOEBLINGEN, Appellee

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-73883**

## M E M O R A N D U M   O P I N I O N

In this appeal of the trial court's order granting an application to domesticate a German judgment against them, appellants Preston and Cheryl Wooten argue that applicant Kreissparkasse Boeblingen failed to meet its burden to establish that the Uniform Foreign-Country Money Judgments Recognition Act[1] ("the Act") applies.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE §§ 36A.001–.011.

We agree, and accordingly, we reverse the trial court's judgment and render judgment denying the application.

## I. BACKGROUND

Kreissparkasse Boeblingen applied to a Texas district court for recognition of a German judgment issued by the District Court of Nuertingen on March 14, 2022, under which the Wootens were said to be jointly and severally liable under a loan agreement for the outstanding principal amount of € 80,228.64, together with interest and all costs of enforcement. The Wootens counterclaimed "for declaratory judgment for damages"[2] and for a declaration that Kreissparkasse Boeblingen had committed fraud.

The trial court held a virtual hearing at which the Wootens seemingly failed to appear, and the trial court signed a final judgment on June 27, 2003, granting the Kreissparkasse Boeblingen's application and denying the Wootens all relief on their counterclaims.

The Wootens immediately moved for a new trial, arguing that they had appeared at the first virtual hearing but were unable to connect to the hearing itself, instead remaining in a virtual "breakout room" until contacted there by a court clerk hours later. The trial court accordingly held a second hearing, at which the Wootens argued that Kreissparkasse Boeblingen had not proved the existence of a money judgment by a German court; however, the trial court allowed the motion for new trial to be overruled by operation of law.

On appeal, the Wootens challenge only that portion of the judgment granting Kreissparkasse Boeblingen's application for recognition of a foreign-country money judgment; they do not appeal the denial of their own claims.

---

[2] All capitalization removed.

2

## II. GOVERNING LAW

Recognition in Texas of a money judgment rendered in another country is governed by the Uniform Foreign-Country Money Judgments Recognition Act. The Act applies to a "foreign-country judgment," defined as "a judgment of a court of a foreign country," to the extent that the judgment (1) grants or denies recovery of a sum of money; and (2) "under the law of the foreign country in which the judgment is rendered, is final, conclusive, and enforceable." TEX. CIV. PRAC. & REM. CODE §§ 36A.002(2), 36A.003(a). If the applicant for recognition of the foreign-country judgment meets its burden to establish that the Act applies, the burden shifts to the party resisting recognition to prove one of the few statutory grounds for non-recognition. *See id.* §§36A.003–.004. We review a trial court's ruling on recognition of a foreign-country money judgment de novo. *Nicholas v. Env't Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 896 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *Diamond Offshore (Berm.), Ltd. v. Haaksman*, 355 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)).

## III. ANALYSIS

The Wootens contend that the trial court's order must be reversed for three reasons. First, the documents the Kreissparkasse Boeblingen characterize as the foreign judgment do not meet the basic definition of a judgment as "a court's final determination of the rights and obligations of the parties in a case."[3] Second, a document that was not translated into English cannot be read, and thus, cannot be construed as a German court's final, conclusive, enforceable judgment granting recovery of a sum of money from the Wootens. And third, Kreissparkasse Boeblingen "provided no information or translations" by which to determine how

---

[3] For this definition, the Wootens quote the ninth edition of Black's Law Dictionary. *See Judgment*, BLACK'S LAW DICTIONARY (9th ed. 2009).

"judgment" is defined under German law. In sum, the Wootens contend that Kreissparkasse Boeblingen did not satisfy its initial burden to prove that the Act applies.

We agree. Lacking a basis to conclude otherwise, we presume that a "final judgment" means the same thing in Germany as it does in Texas. *See Horie v. Law Offices of Art Dula*, 560 S.W.3d 425, 438 (Tex. App.—Houston [14th Dist.] 2018, no pet.). But as discussed below, there is no evidence that a foreign court rendered a final money judgment against the Wootens. Because Kreissparkasse Boeblingen failed to meet its initial burden to show that the Act applies, the burden never shifted to the Wootens to prove any basis for nonrecognition of the putative judgment.

## A.  The Evidence

Kreissparkasse Boeblingen alleged in its application as follows:

13  On March 14, 2022, the German *Amtsgericht Nuertingen* [District Court of Nuertingen] issued an enforceable execution of the Wootens' land charge as notarized by Notary Lutz Pottiez of the Notary's Office Nuertingen and confirmed for enforcement by the *Amtsgericht Esslingen* [District Court of Esslingen] on July 10, 2014 (the "German Judgment").[4]

. . .

16.  Under the German Judgment, the Wootens are jointly and severally liable for (1) the principal amount of EUR 80,228.64 outstanding on the loan agreement; (2) interest; and (3) all costs of enforcement.

As Exhibit A to the application, Kreissparkasse Boeblingen attached the "Certified and Translated German Judgment" for which it sought recognition. The exhibit consists of forty pages, some in English and some in German, and includes the

---

[4] Kreissparkasse Boeblingen repeats this assertion in its response brief, but it is not clear how an order from one court in 2022 could have been confirmed by a different court in 2014.

4

translator's statement that the attached English-language documents are true and accurate translations of the attached German-language documents.[5]

There are English translations of five documents, but whether taken individually or collectively, the documents as translated do not support Kreissparkasse Boeblingen's allegations. None is itself dated March 14, 2022, or July 10, 2014, or mentions a document with either date. None contains the number 80,228.64. None was issued by the District Court of Nuertingen. None of the English translations even use the word "judgment," or indicate that the document was signed by a judge, or refer to some other document signed by a judge. In fact, the most recent of the translated documents to mention the name "Wooten" is dated August 20, 2003. There simply is no evidence whatsoever that a court of a foreign country issued a final money judgment against the Wootens.

To demonstrate that this is so, we summarize the five translated documents in chronological order. When notarizing a document, a German notary assigns the document a number by which it can be identified, and we include that identifying number to those documents that bear them.

### 1.     The Deed, Document "UR 886/2003"[6]

The first document refers to itself as a "deed," and creates a security interest in German real property purchased by the Wootens. The Deed bears the identifier "UR 886/2003" of "Notary Pottiez" and was signed by Kreissparkasse Boeblingen[7] on August 19, 2003. The Deed states that "Chargor," the owner of a particular mortgaged property, creates a "land charge" on the property in the amount of

---

[5] Although the translator's statement is unsigned, the Wootens did not object to the statement or to the translation in the trial court.

[6] For the parties' reference, this document appears at pages 36–38 of the Clerk's Record.

[7] In the English translations, this party is referred to as "Kreissparkasse Böblingen."

5

€ 390,000.00 in favor of "Creditor" Kreissparkasse Boeblingen and bearing interest at 15 percent per annum. The Deed does not name the "Chargor" but identifies the Wootens as joint debtors and refers to them collectively as "Borrower."

To secure the land charge capital and interest, Chargor and the Wootens agreed in the Deed to submit to immediate "compulsory execution in rem" against the mortgaged property. In addition, the Wootens accepted personal liability for the land charge and interest without prior compulsory execution against the encumbered property. The parties further agreed,

> Creditor shall be entitled on its unilateral request to receive an enforceable copy of this deed both for the capital and also part of the same and for individual interest rates at Borrower's cost. Evidence of facts causing the emergence of maturity of the land charge plus interest or claims based upon contract or tort shall be waived.

The Deed includes that unilateral request, stating that the notary is commissioned to "immediately issue to Creditor an enforceable copy . . . of this deed." Finally, the Deed states that it was "[r]ead in the presence of Notary, approved and signed by the parties appearing as follows: Roswitha Gruber [and] Pottiez, Notary."

## 2.    Gruber's Power of Attorney, Document "III UR 887/2003"[8]

The next document was issued by "Notary's Office Nürtingen" and bears the identifier "III UR 887/2003." It is stated in the document that on August 20, 2003—the day after the deed was signed—Roswitha Gruber, "Judicial Clerk for Notary's Office Nürtingen,"[9] appeared at that office and declared that "based on the power of attorney granted by the contract of sale," she acts as the authorized representative of "Chargor" Hans-Rudolf Pichler, Pichler's wife Jutta Pichler, and "Borrowers"

---

[8] This document can be found at page 35 of the Clerk's Record.

[9] In the trial court, Kreissparkasse Boeblingen spelled the town's name as "Nuertingen" but the translator rendered it as "Nürtingen."

Preston and Cheryl Wooten. In effect, this notarized document identifies the "Chargor" and shows Gruber's authority to sign the deed on behalf of "Chargor," Chargor's wife, and the Wootens. The translator indicates that the document bears a notary's stamp.

Although the translator identifies the deed as "UR 886/2003" and Gruber's power of attorney as "III UR 887/2003," Kreissparkasse Boeblingen assumes in its response brief that the deed and Gruber's power of attorney are a single document bearing the identifier "III UR 887/2003." There is some evidence to support that interpretation. Gruber states in the power of attorney that Hans-Rudolf Pichler is "hereinafter referred to as 'Chargor,'" even though that word does not appear again in the power of attorney. But that statement would make sense if the deed had been appended to the power of attorney. Because it makes no difference to the disposition of this appeal in any event, we will assume, without deciding, that "III UR 887/2003" includes both Gruber's power of attorney and the deed.

### 3.    Notary Pottiez's Authentication Affidavit[10]

The next document, also dated August 20, 2003, is the affidavit of notary "Pottiez" of "Notary's Office III Nürtingen" that a true and enforceable copy of "Roll of Deeds III No. 887/2003" was "[e]xecuted and issued to" Kreissparkasse Boeblingen "for the purpose of execution." The translator states that the document bears an embossed seal in addition to two round notarization stamps. If we assume that Roll of Deeds III No. 887/2003 includes the deed, then this document authenticates Kreissparkasse Boeblingen's copy of the deed as correct and enforceable.

---

[10] This document appears at page 34 of the Clerk's Record.

Kreissparkasse Boeblingen appears to characterize this authentication affidavit as a judgment by a court, for Kreissparkasse Boeblingen states in its brief, "The judgment—attached to the application for recognition, along with a translation——was issued by the *Amtsgericht Nürtingen*, the German District Court of Nürtingen. CR. 12; *see also* CR. 34." Kreissparkasse Boeblingen further states that "[t]he judgment bears the seal of the Court, and is signed by Legal Officer Kleinknecht with the date March 14, 2022."

But page 12 of the clerk's record is in German, and page 34 is the English translation of Notary Pottiez's Authentication Affidavit issued by "Notary's Office III Nürtingen" on August 20, 2003, and signed only by Pottiez. In fact, every mention of Nürtingen in the English translations of documents refers only to documents presented, signed, or notarized at the "Notary's Office" in Nürtingen in August 2003. None of the documents, as translated into English, contain the name "Kleinknecht," or the date March 14, 2022, or any reference at all to a Nürtingen district court. Kreissparkasse Boeblingen does not complain on appeal, or preserve a complaint in the trial court, that its own translator's reading of the German documents is incomplete or inaccurate,[11] and the record contains no other translation. We accordingly must consider the translator's English-language documents as the accurate translation of the German-language documents.

---

[11] *See* TEX. R. EVID. 1009 (if a translation of a document is submitted at least forty-five days before trial and supported by a qualified translator's affidavit or unsworn declaration, then a party is not permitted to attack the translation's accuracy unless the party timely submitted a conflicting translation or served objections at least fifteen days before trial specifically pointing out any inaccuracies). Neither the Wootens nor Kreissparkasse Boeblingen preserved any objections to the English translation in the record.

### 4. Affidavit of Service[12]

The next document, chronologically speaking, is an affidavit of service upon attorney Wolfgang Kunz on March 23, 2013. In this document, postal worker Jürgen Heilmann states, "Since handover of document in the apartment was not possible, I put it into the letter box or similar device belonging to the business premises." The reference number or identifier of the document served is stated to be "UR II 613/13, UR III No. 887/2003."

Again, assuming that "UR III No. 887/2003" includes the deed, then it would appear that attorney Wolfgang Kunz was served a copy of the deed in 2013. Although Kreissparkasse Boeblingen later asserted that Kunz represented the Wootens, the only evidence it offered in support of that contention is an untranslated document in German.

### 5. Allotment and Payout of Unidentified Claim in Rem[13]

Because the last document is the only one in which the word "court" appears, we repeat its contents in full:

**Local Court of Esslingen a.N.**

In the compulsory sale procedure **1 K 179/13** allotment and payout was based on Creditor's claim in rem:

| | |
|---|---|
| Cost of bringing an action in rem | € 100.00 |
| One-off ancillary payment | € 0.00 |
| Interest from 1 January 2013 to 29 September 2014 | € 102,212.50 |
| Capital (partial amount) | € 212.961.38 |

Land charge has been discharged by the acceptance of bid[.]

Esslingen, 7 October 2014

---

[12] The affidavit of service can be found at pages 3940 of the Clerk's Record.

[13] This document is located at page 41 of the Clerk's Record.

*(sgd.)*

Schmitz, Clerk of the Court

No evidence identifies "compulsory sale procedure 1 K 179/13," the creditor, the debtor, or the property at issue. Moreover, this document refers to a claim *in rem*, meaning an action "instituted directly against a thing, ... taken directly against property, or ... brought to enforce a right in the thing itself." *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 457–58 (Tex. 2020) (quoting *Bodine v. Webb*, 992 S.W.2d 672, 676 (Tex. App.—Austin 1999, pet. denied)). "[A]n *in rem* judgment's effect is limited only 'to the property that supports jurisdiction.'" *Id.* at 458 (quoting *Bodine*, 992 S.W.3d at 676)). Unlike a judgment *in personam*, a judgment *in rem* does not submit the debtor to personal liability. *See HMS Aviation v. Layale Enters., S.A.*, 149 S.W.3d 182, 187 n.1 (Tex. App.—Fort Worth 2004, no pet.). Finally, this document states that the unidentified land charge to which it refers has been discharged. It is not a money judgment against the Wootens.

To summarize, the offered documents do not include a money judgment against the Wootens by the court of a foreign country or even suggest that such a judgment exists. It instead appears that Kreissparkasse Boeblingen sought to directly enforce the deed it signed in August 2003. Because the deed is not a final money judgment by a foreign country's court, the Act does not authorize its recognition.

## B.    Kreissparkasse Boeblingen's Argument for Shifting the Burden of Proof

Kreissparkasse Boeblingen contends that we must affirm under the binding precedent of *Nicholas v. Environmental Systems (International) Ltd.*, 499 S.W.3d 888, 898 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In that case, we addressed the burden to prove that a foreign country's money judgment is a final judgment under that country's laws. *Id.* We explained that placing the burden to

10

prove finality depends on whether the judgment is facially final. *Id.* If the judgment is not facially final, then the burden remains with judgment creditor to produce evidence demonstrating its finality. *Id.* But if the judgment is final on its face, then the burden shifts to the judgment debtor to show that the judgment is not final. *Id.*

*Nicholas* does not apply to this case, because there is no evidence that a court of a foreign country rendered a money judgment against the Wootens at all. Because there is no evidence that such a judgment exists, the question of whether the judgment is final never arises.

## IV. CONCLUSION

Because no evidence supports the trial court's judgment granting Kreissparkasse Boeblingen's application to domesticate a foreign-country money judgment, we sustain the issues presented by the Wootens, reverse the trial court's judgment, and render judgment denying Kreissparkasse Boeblingen's application.


/s/     Tracy Christopher
       Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.