Heron v. US Testing 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00466-CV







Heron Financial Corporation, Heron Residential Joint Venture I,


and Montecito Joint Venture, Appellants



v.



United States Testing Company, Inc., CH&A Corporation, 


and Marshall & Stevens, Inc., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 94-02324, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 Appellants Heron Financial Corporation, Heron Residential Joint Venture I, and
Montecito Joint Venture (collectively "Heron") sued appellees United States Testing Company
("U.S. Testing"), CH&A Corporation ("CH&A"), and Marshall & Stevens, Inc. ("Marshall"),
alleging negligent misrepresentation and breach of contract. Appellees moved for summary
judgment, claiming that the statute of limitations barred appellants' causes of action. The trial
court rendered judgment in appellees' favor. We will reverse the trial court's judgment and
remand the cause for further proceedings.



BACKGROUND


 Contemplating the purchase of the Montecito Apartments, Heron hired Marshall
to perform a pre-purchase due diligence assessment of the property. According to appellees,
Marshall, in turn, hired U.S. Testing and Construction Surveillance Services ("CSS") to conduct
structural and environmental assessments of the property. U.S. Testing and CSS now collectively
constitute CH&A.

 CH&A delivered a "Phase I Report" to Heron on July 24, 1989. The report, based
upon a review of government records and a visual inspection of the property, revealed no
hazardous materials (other than minimal amounts of maintenance supplies) and no documented
evidence of soil or groundwater contamination on the property. On the same date, CH&A also
delivered to Heron a "Limited Condition Assessment" of the property. The assessment noted
movement or settling in several of the buildings and recommended that Heron perform an
engineering study to obtain further information about the cause of the movement.

 Heron purchased the property in August 1989. On March 2, 1990, CH&A
delivered another report to Heron. This report notified Heron that a landfill existed adjacent to
the Montecito property. However, the report noted that the landfill posed no environmental
hazard to the property.

 Sometime in 1992, methane gas began to surface from underneath the Montecito
property. Heron eventually hired the Radian Corporation ("Radian") to conduct an environmental
assessment of the property. Radian discovered that the property sat, in part, atop an old landfill. 
Radian advised that the landfill contained "several physical hazards which pose a potential threat
to human health and to structures." Furthermore, Radian noted that hazardous quantities of
methane gas were found underneath the property.

 In March 1994, Heron sued appellees alleging negligent misrepresentation and
breach of contract. CH&A filed a motion for summary judgment, claiming that (1) the statute of
limitations barred Heron's claims, and (2) no contract existed between Heron and CH&A. The
trial court granted CH&A's motion.

 Marshall filed its own motion for summary judgment claiming that the statute of
limitations barred Heron's claims against it. Heron amended its petition alleging that Marshall
fraudulently concealed discovery of the facts of the injury. The trial court granted Marshall's
motion.



DISCUSSION


 In their first point of error, (1) appellants complain that their claims are not time-barred because the discovery rule tolled the statute of limitations. Appellants argue that a genuine
issue of material fact exists as to when they should have discovered the nature of their injury.

 In applying the statute of limitations, a tort action accrues when the wrongful act
effects an injury, regardless of when the plaintiff learns of such injury. Moreno v. Sterling Drug
Co. Inc., 787 S.W.2d 348, 351 (Tex. 1990). In a breach of contract action, limitations generally
begin to run from the time of the breach. See Enterprise-Laredo Assocs. v. Hachar's, Inc., 839
S.W.2d 822, 837 (Tex. App.--San Antonio), writ denied per curiam, 843 S.W.2d 476 (Tex. 1992).

 In the instant cause, Heron alleges that their tort and contract claims derive from
alleged acts or omissions made in the July 24, 1989 reports. Therefore, both the negligence and
contract claims began to accrue on or about July 24, 1989. Negligence claims must be filed
within two years of the alleged act. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1989). 
A four-year statute of limitations governs breach of contract claims. Tex. Civ. Prac. & Rem.
Code Ann. § 16.051 (West 1986). Therefore, assuming that the discovery rule does not apply,
Heron's negligence and contract claims were time-barred on July 24, 1991 and 1993, respectively. 
Heron filed suit after these dates. We therefore examine the application of the discovery rule to
determine if Heron's claims are time-barred.

 The discovery rule creates an exception to application of the statute of limitations. 
The discovery rule tolls the running of the period of limitations until the time the plaintiff
discovers, or should have discovered, the nature of the injury. Moreno, 787 S.W.2d at 351. The
discovery rule imposes a duty on the plaintiff to exercise reasonable diligence to discover facts
of negligence or omission. Southwestern Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 492-493
(Tex. App.--Houston [1st Dist.] 1992, writ denied). When the plaintiff discovered or should have
discovered the injury and whether the plaintiff exercised due diligence are questions of fact. See
Willis v. Maverick, 760 S.W.2d 642, 647 (Tex. 1988); Lyles, 825 S.W.2d at 493. Moreover, a
discovery rule analysis applies to both tort and contract actions alike. See Enterprise-Laredo
Assocs., 839 S.W.2d at 837; El Paso Assocs., Ltd. v. J.R. Thrueman & Co., 786 S.W.2d 17, 20-21 (Tex. App.--El Paso 1990, no writ). The Texas Supreme Court recently held that the discovery
rule tolls the applicable statute of limitations when (1) the nature of the injury is inherently
undiscoverable, and (2) the evidence of injury is objectively verifiable. Computer Assocs. Int'l
v. Altai, Inc., 39 Tex. Sup. Ct. J. 422, 425 (March 16, 1996).

 A defendant is entitled to summary judgment based on an affirmative defense if it
proves as a matter of law all of the elements of the affirmative defense. Montgomery v. Kennedy,
669 S.W.2d 309, 310-311 (Tex. 1984). When a defendant seeks summary judgment based on the
statute of limitations, it must prove when the cause of action accrued and must negate the
applicability of the discovery rule. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990).

 Under the first prong of the Altai test, the nature of the injury must be inherently
undiscoverable. The summary-judgment record does not establish as a matter of law either (1)
when Heron discovered or should have discovered the injury, or (2) whether Heron exercised due
diligence in attempting to discover the injury.

 At the outset, we note that lay persons do not possess the same expertise as
engineering consultants and cannot be expected to assess the competence of engineering reports. 
See Thompson v. Espey Huston & Assocs., Inc., 899 S.W.2d 415, 423 (Tex. App.--Austin 1995,
no writ). As such, in the past this Court has applied the discovery rule in cases involving
engineering consultations and reports. Id.

 The 1989 "Limited Condition Assessment" noted movement or settling in several
of the buildings and recommended that Heron perform an engineering study to obtain further
information about the cause of the movement. However, nothing in the report suggested either
the presence of a landfill or the hazards which Radian eventually discovered.

 Moreover, the 1989 "Phase I Report" specifically observed that there was no
documented evidence of hazardous materials on the property. Furthermore, CH&A's 1990 report
concluded that the distress to the buildings was likely caused by the expansion and contraction of
clay formations and that there were no appreciable quantities of hazardous materials on the
property. Given the summary-judgment evidence, appellees have not shown as a matter of law
when Heron should have discovered the alleged injury. Rather, this question is one for the trier
of fact.

 The second prong of the Altai test inquires whether the evidence of injury is
objectively verifiable. Altai, 39 Tex. Sup. Ct. J. at 425. Appellees argue that appellants' claims
require proof by expert testimony which cannot be objectively evaluated. In making this
argument, appellees rely upon Robinson v. Weaver, 550 S.W.2d 18, 21 (Tex. 1977).

 In Robinson, the plaintiff injured his back. His physician diagnosed the disc
between his fourth and fifth lumbar vertebrae as herniated. The physician surgically "repaired"
the disc diagnosed as herniated. Because the plaintiff continued to suffer, he consulted another
physician who diagnosed another disc as being herniated and removed it. The plaintiff then sued
the first physician for having misdiagnosed his condition and operated on the wrong intervertebral
disc. Id. at 19.

 The Robinson court held that the discovery rule did not toll the statute of
limitations. The very evidence which would have been required to show the extent of the injury,
the intervertebral discs, had been altered and/or removed. Consequently, the court emphasized
that there was no physical evidence at the time of trial to verify the extent of the physical injury
and, therefore, expert testimony would be required to prove liability. Id. at 22. The court
distinguished those medical malpractice cases where the physical evidence, without the aid of
expert testimony, permitted objective verification of injury. See, e.g., Gaddis v. Smith, 417
S.W.2d 577 (Tex. 1967) (surgical sponge left in patient's body); Hays v. Hall, 488 S.W.2d 412
(pregnant woman objectively verified that husband's vasectomy operation was ineffective).

 Appellees contend that they cannot be held strictly liable for any injury, but rather
they are liable only if they negligently failed to discover the hazardous conditions. Appellees
draw a sharp distinction between damages and negligence, arguing that the physical evidence of
the injury itself has no bearing on the issue of whether they failed to discover the injury. 
Appellees argue that because proof of their negligence would depend upon expert and fact witness
testimony, under Robinson the discovery rule did not apply, and therefore, the statute of
limitations ran on all of appellants' claims.

 We believe that appellees read Robinson too broadly. Appellees' argument
essentially reaches the merits of the case: were they negligent? In contrast, when determining
whether the statute of limitations bars a given action, the court is not primarily concerned with
the merits of the case. See Robinson, 550 S.W.2d at 20 ("Statutes of limitations are not directed
to the merits of any individual case, . . . . The primary purpose of limitations, to prevent
litigation of stale or fraudulent claims, must be kept in mind."). Instead, the court focuses on the
evidence in order to assure that the policy underpinnings of the statute of limitations are met: 
avoiding fraudulent claims. See Altai, 39 Tex. Sup. Ct. J. at 426.

 With this in mind, we do not interpret Robinson as holding that the discovery rule
does not apply whenever the issue of ultimate liability might require proof by expert testimony. 
As we understand the case, Robinson holds that the discovery rule is inapplicable when no
physical evidence exists at the time of trial to verify the physical injury. Therefore, we must
determine whether appellants' injury is objectively verifiable by physical evidence.

 In the instant cause, Radian's report revealed (1) a landfill partially underneath
appellants' property which poses numerous physical dangers, and (2) the presence of hazardous
quantities of methane gas. The report suggests that the landfill has existed for decades and was
present at the time appellees made their reports. Appellees do not contest Radian's findings. 
Therefore, we conclude that there exists, as a matter of law, objectively verifiable evidence of
appellants' alleged injury. We sustain appellants' first point of error and hold that the statute of
limitations does not bar their contract and tort claims as a matter of law.

 In their second point of error, appellants contend that their contract claims against
CH&A should not be barred on the ground that no contract existed between appellants and
CH&A. In response, CH&A argues that the only contract was between Heron and Marshall. 
Therefore, Heron can have no contract claims against CH&A. Appellants counter that there exists
a genuine issue of material fact as to whether there existed a contractual agreement between
themselves and CH&A. We agree.

 Robert Lacy, a representative of Heron, testified by affidavit that Heron had hired
CH&A as well as Marshall to examine the property. Furthermore, Marshall responded in
discovery that Heron hired Marshall and CH&A jointly. Given this summary-judgment evidence,
we cannot say that, as a matter of law, there existed no contractual agreement between Heron and
CH&A. Rather, this question is one for the trier of fact. We sustain appellants' second point of
error.

 In their third point of error, appellants complain that their contract claims are not
time-barred because appellees are guilty of fraudulent concealment which bars the statute of
limitations defense. In point of error one, we noted that (1) the discovery rule analysis applies
to both tort and contract claims, and (2) in the instant cause, there exists a genuine issue of
material fact as to whether the discovery rule tolled the statute of limitations as to both the tort
and contract claims. Having already found that there exists a genuine issue of material fact as to
whether the contract claims were time-barred, we need not consider appellants' third point of
error.



CONCLUSION


 Having determined that appellees did not demonstrate that appellants' tort and
contract causes of action were time-barred as a matter of law, we reverse the trial court's
judgment and remand the cause for further proceedings.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Kidd and Davis*

Reversed and Remanded

Filed: June 19, 1996

Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Appellant actually has presented a single point of error with three substantive
subparts. For the sake of convenience, we treat appellants' complaints as three distinct
points of error.