# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-01-00228-CV

---

**Jessica Mychelle Woodard, Appellant**

**v.**

**Michigan Mutual Insurance Company, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. 96-05793-A, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

This appeal arises out of a suit filed by appellee Michigan Mutual Insurance Company (AMichigan Mutual@) against appellant Jessica Mychelle Woodard, alleging breach of a subrogation contract. Woodard contends Michigan Mutual=s claims were barred by limitations. Because Michigan Mutual has not demonstrated that it is entitled to summary judgment, we will reverse and remand.

## Factual and Procedural Background

In August 1990, Thomas Deitrick, while in the scope of his employment, was killed in an automobile accident with a vehicle driven by Charles Roberts. Deitrick was survived by two daughters who were born in May 1989 and October 1990. Woodard was Deitrick=s wife and is the mother of his children, and Michigan Mutual was the worker=s compensation carrier for Deitrick=s employer. Michigan Mutual paid indemnity benefits to Woodard and her children amounting to more than $112,000. When Woodard remarried, she received a Alump sum dowry@ and stopped receiving benefits. The children continued to get about $224 each week from Michigan Mutual. Michigan Mutual also paid Aits policy limits

of $300,000.00 under its uninsured/underinsured motorist insurance policy@ with Deitrick=s employer. In September 1992, Woodard and her children sued Roberts under Texas= wrongful death and survival statute. *See* Tex. Civ. Prac. & Rem. Code Ann. '' 71.001-.052 (West 1997 & Supp. 2002). Their suit against Roberts was disposed of on September 29, 1992, when the trial court signed a final judgment (Athe Roberts judgment@) awarding Woodard and both children $4,000 each, for a total of $12,000, pursuant to a settlement agreement.[1] Woodard did not reimburse Michigan Mutual with the settlement monies.

---

[1] Woodard and her children were joined in their suit against Roberts by Deitrick=s parents, each of whom was also awarded $4,000 under the settlement agreement and final judgment.

In May 1996, Michigan Mutual sued Roberts. Roberts moved for summary judgment, contending that a release signed by Woodard as part of the settlement of her lawsuit barred Michigan Mutual from bringing any claims against him. On October 28, 1996, Michigan Mutual amended its petition to name Woodard as a defendant. In January 1997, the district court granted Roberts=s motion for summary judgment and severed Michigan Mutual=s claims against him into a separate proceeding.[2] In March 2000, Michigan Mutual filed a AMotion for Final Summary Judgment@ contending that, as a matter of law, Woodard destroyed Michigan Mutual=s subrogation rights and breached the subrogation clause of her contract with Michigan Mutual.[3] Michigan Mutual sought $12,000 (the amount Woodard and the children were awarded under the Roberts judgment) plus interest and attorney=s fees. On June 21, Woodard responded that Michigan Mutual=s cause of action was barred by the four-year statute of limitations applicable to breach-of-contract claims. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 16.051 (West 1997); *Heron Fin. Corp. v. United States Testing Co.*, 926 S.W.2d 329, 331 (Tex. App.CAustin 1996, writ denied). Both Michigan Mutual and Woodard state in their briefs and pleadings that on or about June 22, the district court granted Michigan Mutual=s first motion for summary judgment on all issues except

---

[2] Michigan Mutual appealed the summary judgment rendered for Roberts, and this Court affirmed that judgment. *See Michigan Mutual Mut. Ins. Co. v. Roberts*, No. 03-97-00163-CV, 1998 Tex. App. LEXIS 509 (Tex. App.CAustin Jan. 29, 1998, pet. denied) (not designated for publication).

[3] Michigan Mutual sued Woodard for breach of contract, reimbursement, fraud, constructive fraud, conversion, and conspiracy. However, Michigan Mutual moved for Afinal summary judgment@ on its breach of contract claim alone, the district court=s order recites that it is a final judgment and denies all other relief, and Michigan Mutual does not address its other claims on appeal. We assume Michigan Mutual has waived all claims other than breach of contract.

limitations and attorney=s fees, leaving those issues for a later determination.[4]  On October 27, Michigan

Mutual filed a AMotion for Summary Judgment on Remaining Issues,@ responding to Woodard=s limitations

defense and arguing for attorney=s fees.  Woodard did not file a response to the second motion.  On

December 7, the district court signed an order permitting Woodard=s attorney to withdraw from the case.

On December 14, the district court rendered final summary judgment in favor of Michigan Mutual in the

amount of $23,120C$12,000 in actual damages, $5,340 in interest, and $5,780 in attorney=s fees.  In

February 2001, represented by new counsel, Woodard filed a motion for new trial.  She also filed, in the

alternative, a motion to reform the judgment, arguing that the district court should not have awarded

attorney=s fees because Michigan Mutual=s counsel did not segregate the services performed regarding the

suit against Woodard from the suit against Roberts and asking that the damages be awarded separately

against each defendant.  In April 2001, the district court signed a reformed judgment essentially partitioning

Michigan Mutual=s damages against Woodard in her individual capacity and against her as parent of each

minor child.

## Standard of Review

Summary judgment is properly granted only when the movant establishes that there are no

genuine issues of material fact to be decided and that it is entitled to judgment as a matter of law.  Tex. R.

Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26

---

[4] The clerk=s record does not include any orders signed by the district court on or about June 22 or related to Michigan Mutual=s first motion for summary judgment.  Neither does the docket sheet indicate that any such order was entered, but it does indicate that a hearing on Michigan Mutual=s first motion was set for June 22.

4

S.W.3d 526, 530 (Tex. App.CAustin 2000, no pet.). In reviewing the grant of summary judgment, we view the evidence in the light most favorable to the nonmovant and make every reasonable inference and resolve all doubts in favor of the nonmovant. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom*, 26 S.W.3d at 530.

A defendant relying on an affirmative defense such as limitations must plead and prove as a matter of law each element of the defense. *Centeq Realty*, 899 S.W.2d at 197; *Heron Fin. Corp.*, 926 S.W.2d at 332. If the defendant establishes her limitations defense, the plaintiff must then present evidence sufficient to raise a fact issue on when the cause of action accrued. *Centeq Realty*, 899 S.W.2d at 197.

## Discussion

Woodard complains that the district court erred in granting Michigan Mutual=s motion for summary judgment and in denying her motion for new trial because Michigan Mutual=s cause of action was barred by the applicable statute of limitations. Michigan Mutual responds that Woodard did not establish that its claims were so barred.[5]

---

[5] Woodard raised her limitations defense in her response to Michigan Mutual=s first motion for summary judgment and did not respond to Michigan Mutual=s second motion. Michigan Mutual contends that, because Woodard did not respond to or appear at the hearing on the second motion, she is barred from raising her limitations issue on appeal. We disagree.

It is true that a party may only appeal issues presented to a trial court in a motion for or response to summary judgment. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979); *Byars v. City of Austin*, 910 S.W.2d 520, 524 (Tex. App.CAustin 1995, writ denied). Whether or not Woodard appeared at the hearing, held one week after her attorney withdrew from the case, she raised her limitations defense before the district court, thus necessitating Michigan Mutual=s second motion responding to her defense. Woodard may raise on appeal this issue which was adequately presented to the district court.

In her response to Michigan Mutual≠s motion for summary judgment, Woodard argued that Michigan Mutual≠s cause of action accrued no later than September 29, 1992, the date the Roberts judgment was signed and filed. She was not named as a defendant until Michigan Mutual amended its pleadings on October 28, 1996, four years and one month later. Therefore, she contended, Michigan Mutual≠s claims against her were barred by the applicable four-year statute of limitations. *See Heron Fin. Corp.*, 926 S.W.2d at 331. Woodard attached a copy of the Roberts judgment to her response to Michigan Mutual≠s motion.

Michigan Mutual replied:

> [Woodard] contends the claim is barred by limitations. [Michigan Mutual] would show that limitations is not applicable for the following three reasons:
>
> 1. As to the sums paid to the minor children, these funds were escrowed, as provided in the settlement agreement from the prior case, until the children reach age of majority (which is several years away). As such, limitations is not an issue as to these funds, as this is an action *in rem* to acquire possession of these funds rightfully belonging to [Michigan Mutual].
> 2. Second, [Michigan Mutual≠s] claims are based on contract, so a four-year statute of limitations applies. [Michigan Mutual] filed suit within four years of the judgment in the prior action becoming final.
>
> 3. Third, the children are minors, and as such, limitations is tolled as to the claim against them, based upon their disability.

Michigan Mutual did not cite any legal authority or produce any summary-judgment evidence to support its arguments.

On appeal, Woodard again points to the Roberts judgment to show that Michigan Mutual≠s breach-of-contract claim is barred by limitations. Michigan Mutual argues that Woodard≠s summary-

judgment evidence did not establish when Michigan Mutual=s cause of action accrued because: (1) the Roberts judgment was not final until thirty days after it was signed, exactly four years before Woodard was named as a defendant; (2) the breach did not occur when the Roberts judgment was signed, but when Woodard failed to reimburse Michigan Mutual with the proceeds; and (3) by pleading fraud and constructive fraud, Michigan Mutual tolled limitations until it by due diligence discovered its cause of action.

## *Did Fraud Toll the Statute of Limitations?*

Initially, we note that Michigan Mutual did not argue before the district court that limitations were tolled due to fraud. In reviewing a summary judgment, we are limited to considering the issues that were presented to the trial court in motions for and responses to summary judgment. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979); *Byars v. City of Austin*, 910 S.W.2d 520, 524 (Tex. App.CAustin 1995, writ denied). Even if we consider Michigan Mutual=s argument, we are not persuaded. Michigan Mutual states simply that it Apleaded causes of action for fraud and constructive fraud, which would have been tolled due to the discovery rule (until Michigan Mutual in due diligence discovered the cause of action).@ However, Michigan Mutual presented no evidence that Woodard fraudulently delayed its discovery of the breach. *See American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (party asserting fraudulent concealment must produce proof to raise fact issue on claim; mere pleading or allegation of fraud does not satisfy burden); *Elite Towing, Inc. v. LSI Fin. Group*, 985 S.W.2d 635, 641 (Tex. App.CAustin 1999, no pet.) (pleadings set out controversy but are not summary-judgment proof). Michigan Mutual=s motions for summary judgment do not reference fraud. Indeed, Michigan Mutual moved for *final* summary judgment on its breach-of-contract claim alone

**7**

and does not complain that the district court erred in dismissing its fraud claims. Michigan Mutual=s mere

pleading of fraud did not establish that statute of limitations was tolled due to fraud.

*Was the Action Against the Children Tolled Until They Reached Adulthood?*

Michigan Mutual argued to the district court that because Woodard=s children were minors,

Alimitations [was] tolled as to the claim against them, based upon their disability.@[6]

---

[6] Michigan Mutual also contends that its claim as to settlement funds awarded to the children was an action *in rem* and, because those funds were placed in escrow until the children were adults, limitations was not an issue. We disagree.

An action *in rem* is brought directly against an item of property, and an action *quasi in rem* is brought against a party but seeks only to determine the parties= rights in property; an action *in rem* or *quasi in rem* does not impose personal liability on the property owner. *Bodine v. Webb*, 992 S.W.2d 672, 676 (Tex. App.CAustin 1999, no pet.). An action *in personam* is brought against a person to enforce personal rights or obligations and seeks a judgment against that person. *Id.*

After Roberts pleaded he had been released from liability, Michigan Mutual amended its petition to name Woodard as a defendant as an individual and as parent and next friend of her children; Michigan Mutual named the children as plaintiffs. Michigan Mutual brought multiple causes of action against Woodard, seeking to impose personal liability on her, and requested exemplary damages

for fraud, conversion, and conspiracy. We do not believe that Michigan Mutual=s claims related to monies paid to Woodard=s children were brought by way of an *in rem* action.

A child is considered to be under a legal disability until the child turns eighteen. Tex. Civ. Prac. & Rem. Code Ann. ' 16.001(a)(1) (West Supp. 2002). If a person is entitled to bring a personal action and was under a legal disability when the cause of action accrued, the limitations period does not begin to run until the disability is removed. *Id.* ' 16.001(b).

Michigan Mutual has cited no authority for the proposition that a party seeking to proceed against a minor may use the minor=s legal disability against the minor, and we have been unable to find such authority. The tolling statute generally protects a legally disabled party with no access to the courts and ensures that the party=s right to bring suit will not be precluded by limitations before the disability is removed. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993) (quoting *Johnson v. McLean*, 630 S.W.2d 790, 793 (Tex. App.CHouston [1st Dist.] 1982, no writ)). Allowing a party to wield a minor=s disability against the minor would subvert the purpose of the tolling statute. *See id.*; *Johnson*, 630 S.W.2d at 793 (tolling statute is intended as a shield, not an offensive weapon); *see also* Tex. Civ. Prac. & Rem. Code Ann. ' 16.001(b) (limitations tolled only if the person A*entitled to bring a personal action is under a legal disability* when the cause of action accrues@ (emphasis added)); *S.V. v. R.V.*, 933 S.W.2d 1, 33 (Tex. 1996) (Owens, J., dissenting) (Astatutes of limitations serve the important purpose of >preventing surprises through the revival of claims that have been allowed to slumber=@) (quoting *Order of R.R. Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-49 (1944)); 51 Am. Jur. 2d *Limitation of Actions* ' 172 (2000) (Atolling provisions in statutes of limitation are to be strictly construed, and cannot be enlarged on the basis of apparent hardship or inconvenience@) (citations omitted); 54 C.J.S. *Limitations of Actions* ' 106 (1987) (AA personal disability saving a person from the operation of the statute of limitations

may be set up only by such person himself or those claiming under him@).[7] We hold that Michigan Mutual

may not assert the children=s legal disability against them to rebut a limitations defense.

*Did Woodard Establish When the Cause of Action Accrued?*

A breach-of-contract claim is governed by the four-year statute of limitations. Tex. Civ.

Prac. & Rem. Code Ann. ' 16.051; *Heron Fin. Corp.*, 926 S.W.2d at 331. Limitations usually begin to

run at the time of the breach. *Heron Fin. Corp.*, 926 S.W.2d at 331.

In its second amended petition, the live pleading at the time summary judgment was granted,

Michigan Mutual pleaded that Woodard Abreached [her] contractual obligations *by settling* without

reimbursing Michigan Mutual=s subrogation interests.@[8] (Emphasis added.) In its motion for summary

judgment, Michigan Mutual made a preemptive argument against a limitations defense, stating:

---

[7] *Cf. Nolan v. United States*, 205 B.R. 885, 888 n.15 (Bankr. M.D. Tenn. 1997) (quoting *City of Chattanooga v. Louisville & Nashville R.R. Co.*, 298 F. Supp. 1, 9 (E.D. Tenn. 1969), *aff=d*, 427 F.2d 1154 (6th Cir. 1970)) (estoppel does not create cause of action; operates only as shield and never as sword).

[8] Generally, pleadings do not constitute summary-judgment proof. *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *Brooks v. Center for Healthcare Servs.*, 981 S.W.2d 279, 283 (Tex. App.CSan Antonio 1998, no pet.). However, assertions of fact in live pleadings not pleaded in the alternative may be considered judicial admissions. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983); *Brooks*, 981 S.W.2d at 283.

> [A]lthough [Woodard has] not pled limitations as a defense, it is not applicable to [Michigan Mutual=s] claims, because by virtue of the contractual rights, [Michigan Mutual] has four years *from the date of settlement* to bring suit against [Woodard].

(Emphasis added.)

Woodard produced summary-judgment proof that the Roberts judgment was signed more than four years before Michigan Mutual sued Woodard; the Roberts judgment references and approves a settlement agreement. Michigan Mutual did not produce proof that established as a matter of law when its breach-of-contract cause of action accrued, and a question of fact remains as to that dateCthe contract may have been breached when Woodard signed settlement papers or received her settlement monies, the date of which has not been established; when the Roberts judgment was signed and filed; or when the Roberts judgment became final. Without making any judgment as to the validity of Michigan Mutual=s arguments, we hold that Woodard raised a fact issue sufficient to defeat Michigan Mutual=s motion for summary judgment on the issue of limitations. We sustain Woodard=s issue on appeal.

We reverse the district court=s judgment and remand the cause for further proceedings.


Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: May 23, 2002

**12**

Do Not Publish