

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00227-CV

_____

J-W POWER COMPANY, Appellant

V.

WISE COUNTY APPRAISAL DISTRICT AND WISE COUNTY APPRAISAL
REVIEW BOARD, Appellees

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. TX13071

Before Birdwell and Walker, JJ.; Gonzalez, J.[1]
Memorandum Opinion on Remand by Justice Birdwell

---

[1]The Honorable Ruben Gonzalez, Judge of the 432nd District Court of Tarrant County, sitting by assignment of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code. *See* Tex. Gov't Code § 74.003(h).

## MEMORANDUM OPINION ON REMAND

We now consider for a second time Appellant J-W Power Company's appeal from the trial court's order denying its motion for partial summary judgment and granting Appellee Wise County Appraisal District's (WCAD) competing summary-judgment motion. Relying on our opinion in a substantially similar appeal involving the same appellant, *see J-W Power Co. v. Jack Cnty. Appraisal Dist.* (*Jack County I*), 692 S.W.3d 518, 520–22 (Tex. App.—Fort Worth 2023), *rev'd*, 691 S.W.3d 911 (Tex. 2024), we previously held that the relief sought by J-W Power—an order directing WCAD to remove various items of heavy equipment from its appraisal rolls—was barred by res judicata and affirmed the trial court's summary judgment on that basis, *see J-W Power Co. v. Wise Cnty. Appraisal Dist.* (*Wise County I*), 692 S.W.3d 555, 558–60 (Tex. App.—Fort Worth 2023), *rev'd*, 691 S.W.3d 923 (Tex. 2024). The supreme court reversed our holdings in *Wise County I* and *Jack County I* and remanded the cases for us to "consider [the] issues [we] did not reach." *See J-W Power Co. v. Wise Cnty. Appraisal Dist.*, 691 S.W.3d 923, 923 (Tex. 2024); *J-W Power Co. v. Jack Cnty. Appraisal Dist.*, 691 S.W.3d 911, 911 (Tex. 2024). We have already issued an opinion on remand in the Jack County case, *see generally J-W Power Co. v. Jack Cnty. Appraisal Dist.* (*Jack County II*), No. 02-22-00082-CV, 2024 WL 5162690 (Tex. App.—Fort Worth Dec. 19, 2024, pet. denied) (on remand), and we will analyze the remaining issues in this case using the rationale set forth in that opinion.

J-W Power raises four as-yet unaddressed issues[2] on appeal:

(1) Whether Wise County could appraise individual units of Dealer's Heavy Equipment Inventory (DHEI) at full market value if some of those units were physically located in Wise County in the same tax years that the dealer maintained its DHEI in Palo Pinto County?

(2) Whether, as a matter of law, J-W Power's inventory existed within Wise County in the form or at the location noted on Wise County's appraisal roll?

(3) Whether the inventory was subject to multiple appraisals due to Wise County's appraisal of individual units during the 2013–2016 tax years?

(4) Whether Wise County possesses power to devise its own DHEI filing standards that are neither authorized nor contemplated by Sections 23.1241 and 23.1242 of the Texas Tax Code and to apply them on behalf of another county?

Applying the analytical framework set forth in *Jack County II*, we hold that—for the most part—the trial court did not err by rendering summary judgment in WCAD's favor and concluding that J-W Power was not entitled to relief. Accordingly, for any DHEI units that appear on both WCAD's and another county's appraisal rolls— which turns out to be just one compressor—we reverse and remand for proceedings consistent with this opinion. In all other respects, we affirm the trial court's judgment.

---

[2]In J-W Power's brief, the second and third issues listed below are combined into a single issue, but because they present distinct legal questions, we treat them as separate issues. *See, e.g.*, *Heron Fin. Corp. v. U.S. Testing Co.*, 926 S.W.2d 329, 331 n.1 (Tex. App.—Austin 1996, writ denied) (treating three distinct complaints as three separate points of error even though they were listed in appellant's brief as subparts of a single point of error).

## I. Background[3]

J-W Power owns compressors that it leases to customers for use in oil and gas production, and it maintains a fleet of its compressor inventory from its storage yard located in Palo Pinto County. There is no controversy that these compressors constitute DHEI for property-tax purposes. *See* Tex. Tax Code § 23.1241(a)(2), (6). As detailed below, the Tax Code provides a specific method for appraisal districts to value DHEI, and under that statutory scheme, the compressors that J-W Power maintains at its Palo Pinto County yard should be taxed by that county's appraisal district, even if they are physically located in a different county during the tax year. *See id.* §§ 23.1241–.1242; *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 583 (Tex. 2018) (holding that Sections 23.1241 and 23.1242 fix the taxable situs of DHEI at the location where the dealer maintains its inventory). Nevertheless, for the 2013–2016 tax years, WCAD taxed the individual compressors owned by J-W Power that were physically located within WCAD's jurisdiction.

### A.     J-W Power's Protests Under Tax Code Section 41.41

For tax years 2013–2016, J-W Power filed protests with the Wise County Appraisal Review Board (ARB) arguing that under the DHEI tax statutes, the taxable situs of its leased compressors was not in Wise County and that WCAD should not have been taxing its DHEI. *See* Tex. Tax Code § 41.41 (giving property owner option

[3]Our recitation of the underlying facts generally tracks that set forth in *Wise County I. See* 692 S.W.3d at 556–58.

4

to bring protest before an appraisal review board regarding, among other acts, the "inclusion of the owner's property on the appraisal records"). In each protest, the ARB determined that the appraisal records were correct and should not be changed. J-W Power did not appeal those determinations. *See id.* § 42.01 (giving property owner right to appeal an appraisal review board's protest determination).

## B.     J-W Power's Motion to Correct Under Tax Code Section 25.25

After the Texas Supreme Court upheld the constitutionality of DHEI taxation statutes, *EXLP Leasing*, 554 S.W.3d at 583, J-W Power moved to correct WCAD's appraisal rolls for the 2013–2016 tax years on the bases that its compressor inventory was subject to "multiple appraisals of a property in that tax year" and that WCAD improperly included its compressors because they did not "exist in the form or at the location described in the appraisal roll."[4] *See* Tex. Tax Code § 25.25(c) (allowing an appraisal review board, on motion of a property owner, to order changes in its

---

[4]In its "Motion for Correction of Appraisal Roll," J-W Power checked only the box indicating that it sought the correction of "multiple appraisals of a property" for the 2013–2016 tax years; it did not check the box indicating that it sought to correct the "inclusion of property that does not exist in the form or at the location described in the appraisal roll" for those tax years. However, WCAD acknowledged in its summary-judgment motion that J-W Power had sought relief not only on the basis that its property had been subject to multiple appraisals but also on the basis that WCAD's appraisal rolls included property that did not exist in the form or at the location described for the relevant tax years. Further, in its appellate briefing, WCAD does not contend that J-W Power failed to raise the form-and-location argument. Accordingly, we will assume for purposes of this appeal that J-W Power properly sought relief on form-and-location grounds. *See* Tex. Tax. Code § 25.25(c)(3).

5

appraisal roll for up to five previous years). The ARB ultimately denied J-W Power's Section 25.25 motion, finding that the appraisal records should not be changed.[5]

## C.     J-W Power's Lawsuit Against WCAD

J-W Power filed this suit alleging that for the 2013–2016 tax years, J-W Power had self-reported its inventory in Palo Pinto County as DHEI and had made tax payments to that county's appraisal district. It further alleged that, for those same tax years, its DHEI had been improperly listed on WCAD's appraisal rolls as business personal property. *See id.* § 22.01. It pleaded that WCAD had willfully, intentionally, and arbitrarily assessed a tax on the property in those years in violation of Sections 23.1241 and 23.1242, and it asked for a refund for the relevant tax years and for attorney's fees.[6] *See id.* § 42.43.

J-W Power then filed a motion for partial summary judgment. It asserted that its summary-judgment evidence established that it was in the business of leasing field compressors for use in oil and gas production; that although some of its compressors were physically located in Wise County on January 1 of each tax year, it maintained its

---

[5]The ARB initially dismissed the scheduled hearing on the motion due to a procedural defect on J-W Power's part. J-W Power then filed this suit against the ARB asserting, in part, that it was entitled to a hearing on its Section 25.25 motion. The ARB subsequently heard the motion and denied relief. In its first amended petition, J-W Power alleged that it had been injured by the ARB's delay. However, any such allegations against the ARB have not been raised on appeal.

[6]J-W Power also sued other taxing authorities based on similar claims. *See J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, 691 S.W.3d 466, 469 n.1 (Tex. 2024) (listing cases).

inventory of compressors in Palo Pinto County; that its inventory was taxable only as DHEI in Palo Pinto County; and that it had tendered payments for each relevant tax year to Palo Pinto County's taxing authority.

WCAD also filed a motion for summary judgment. The motion asserted, among other things, that Section 25.25 was not the appropriate vehicle to challenge taxable situs; that because J-W Power had not appealed the denial of its previous 2013–2016 protests under Section 41.41, it had failed to exhaust its judicial remedies; that J-W Power admitted that its compressors existed in the form and at the location described on WCAD's appraisal roll; and that J-W Power's DHEI declarations provided in discovery proved as a matter of law that the property was not the subject of multiple appraisals.

The trial court signed an order that granted WCAD's motion and denied J-W Power's motion without stating the grounds for its ruling, and it disposed of all claims against the ARB. J-W Power then filed this appeal.

## II. Discussion

As noted, J-W Power raises four appellate issues that we did not reach in *Wise County I*. We will address each of these issues in turn below.

### A. Standard of Review

In a summary-judgment case, the issue on appeal is whether the movant met its summary-judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We also consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

When both parties move for summary judgment on the same issue and the trial court denies one motion but grants the other, we (1) review both motions and responses; (2) consider the evidence presented by both parties; (3) determine all questions presented; and (4) render the judgment the trial court should have rendered. *Nettye Engler Energy, LP v. BlueStone Nat. Res. II, LLC*, 639 S.W.3d 682, 689 (Tex. 2022); *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646–47 (Tex. 2020).

**B.    Narrow Scope of Appeal: Tax Code Chapter 25 Error-Correction Remedy**

As we explained in *Jack County II*, a taxpayer has two unique remedies to challenge the actions of an appraisal district by seeking review before a local ARB. 2024 WL 5162690, at *4. First, a taxpayer has a broad remedy under Chapter 41 of the Tax Code "to file a protest for substantive challenges to property appraisals." *Id.* (quoting *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 40 (Tex. 2018)). But this remedy is "subject to strict time limitations." *Id.* at *5. Second, under Chapter 25 of the Tax Code, a taxpayer has a narrower remedy allowing for corrections to the appraisal rolls after the time to file a Chapter 41 protest has expired. *Id.* The "limited corrections available under [Chapter 25] include only objective and ministerial matters such as clerical errors"; they "do not include the substantive reevaluation of a property's market value." *Id.* (internal quotations omitted).

As outlined above, J-W Power first sought relief by invoking the broader Chapter 41 remedy, but it failed to seek judicial review when that relief was denied. It later invoked the narrower Chapter 25 remedy by filing a motion alleging (1) that its compressors had been subject to multiple appraisals for tax years 2013–2016 and (2) that WCAD's appraisal rolls for those tax years included property that did not exist in the form or at the location described.[7] *See* Tex. Tax Code § 25.25(c)(2), (3). J-W Power sought judicial review only when the ARB denied that relief. Thus, our

---

[7] *See supra* note 4.

inquiry is limited to whether J-W Power has shown itself entitled to have the appraisal rolls corrected under Chapter 25—that is, whether it has presented summary-judgment evidence showing that its compressors were, in fact, subject to multiple appraisals during the 2013–2016 tax years or that WCAD's appraisal rolls for those tax years actually included property that did not exist in the form or at the location described. *See Jack County II*, 2024 WL 5162690, at *8.

## C.     Multiple Appraisals

As noted, the Tax Code provides a specific method for appraisal districts to value DHEI. Significantly, Sections 23.1241 and 23.1242 provide that individual pieces of equipment leased from a dealer's DHEI may be appraised for taxation only in the county in which the inventory is based and maintained, not in the various counties where the leased equipment might be physically located. *See* Tex. Tax Code §§ 23.1241–.1242; *J-W Power Co. v. Henderson Cnty. Appraisal Dist.*, No. 12-22-00325-CV, 2025 WL 965963, at *1 (Tex. App.—Tyler Mar. 31, 2025, pet. denied) (on remand). Further, unlike ordinary business personal property, which is taxed based on the market value of each individual unit, DHEI is valued and taxed as a whole based on the revenue it generates. *See Jack County II*, 2024 WL 5162690, at *4. Thus, an owner of leased DHEI must file a tax statement each month in the "yard" county where its DHEI is based listing each piece of heavy equipment leased that month and the amount of the monthly lease payment and must prepay to the tax assessor-collector a sum equal to one-twelfth of the tax rate times the total rental income

10

derived from the leased equipment in that month. *See* Tex. Tax Code § 23.1242(b).[8] The DHEI owner must also file an annual declaration with the tax assessor-collector and send a copy to the appraisal district. *See id.* § 23.1241(f).

J-W Power argues under its third and fourth issues (and part of its first and second issues) that because DHEI is valued and taxed as a whole based on the revenue it generates, once J-W Power submitted any DHEI tax statements in Palo Pinto County (i.e., the yard county where the DHEI at issue is based), every compressor assigned to the Palo Pinto yard was automatically appraised under the DHEI valuation scheme. In essence, J-W Power claims that by reporting any individual compressor to Palo Pinto County as DHEI, it effectively reported its DHEI as a whole to that county. Thus, according to J-W Power, any compressors assigned to the Palo Pinto yard and also individually valued as personal property by WCAD were subject to multiple appraisals, and therefore its Chapter 25 motion to correct the appraisal rolls should have been granted. *See id.* § 25.25(c)(2).

But we rejected this argument in *Jack County II*. *See* 2024 WL 5162690, at *10–16. In that case, we interpreted the term "multiple appraisals" in Tax Code Section 25.25(c)(2) to mean "the actual listing of the same property on multiple appraisal rolls

---

[8]In 2025, the legislature amended Section 23.1242 to provide that the DHEI tax statements and prepayments would be due quarterly instead of monthly. *See* Act of May 23, 2025, 89th Leg., R.S., ch. 439, § 1, 2025 Tex. Sess. Law Serv. ch. 439 (codified at Tex. Tax Code § 23.1242). But because these amendments did not become effective until January 1, 2026, we apply the prior version of the statute in this case. *See, e.g.,* *In re M.G.*, No. 10-25-00206-CV, 2025 WL 3482882, at *1 n.1 (Tex. App.—Waco Dec. 4, 2025, no pet.).

during the same year." *Id.* at *10. Under this definition, the mere fact that J-W Power submitted DHEI tax statements to Palo Pinto County is insufficient to show that all of its compressors on the WCAD appraisal rolls were multiply appraised. Rather, to be entitled to relief under Section 25.25(c)(2), J-W Power was required to present evidence showing that the specific compressors listed on WCAD's appraisal rolls also appeared on the appraisal rolls in Palo Pinto County. *See id.* at *14–16, *19; *see also Henderson Cnty. Appraisal Dist.*, 2025 WL 965963, at *5 (explaining that to determine whether a taxpayer is entitled to relief under Section 25.25(c)(2), "evidence about what property was or was not included in each appraisal account should be consulted to determine whether double taxation has, in fact, occurred"). But it failed to do so.

The summary-judgment evidence reflects that none of the compressors that J-W Power declared on its DHEI tax statements filed in Palo Pinto County for the 2013, 2014, and 2016 tax years appeared on WCAD's appraisal rolls during the corresponding years.[9] And of the approximately twenty-five compressors that J-W Power declared to Palo Pinto County for the 2015 tax year, only one—unit 6325—appeared on WCAD's 2015 appraisal rolls.[10] Therefore, we conclude that—with the

---

[9]As WCAD noted in its briefing, two compressors—units 637 and 5262—appeared on both the Wise County and Palo Pinto tax rolls. But based on our review of the record, it does not appear that they ever appeared on both counties' tax rolls during the same year.

[10]In its reply brief, J-W Power did not dispute that it had failed to report all of the compressors appearing on Wise County's appraisal rolls in its DHEI declarations in Palo Pinto County; rather, it argued that its "imperfect[]" declarations were

exception of unit 6325 for the 2015 tax year—the trial court did not err by determining that WCAD was entitled to judgment as a matter of law on J-W Power's "multiple appraisals" claim. *See Jack County II*, 2024 WL 5162690, at *15–16, *19; *see also Henderson Cnty. Appraisal Dist.*, 2025 WL 965963, at *5; *cf. J-W Power Co. v. Irion Cnty. Appraisal Dist.*, 706 S.W.3d 544, 552 & n.8 (Tex. App.—Austin 2024, pet. denied) (concluding that the filing of annual declarations and monthly tax statements does not raise a fact issue about whether yard-county authorities took downstream step of appraisal); *J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, 706 S.W.3d 553, 560–61 & n.8 (Tex. App.—Austin 2024, pet. denied) (same).

Accordingly, we overrule J-W Power's fourth issue. We sustain its third issue only as to the one overlapping compressor and overrule the remainder of that issue.

## D. Form and Location

As part of its first and second issues, J-W Power contends that because its compressors constitute DHEI, not business personal property, and because the compressors, as DHEI, were constructively located in Palo Pinto County for tax

---

"irrelevant" because its "DHEI was appraised as one total unit of *inventory* in Palo Pinto County." But, as noted, under the definition of "multiple appraisals" set forth in *Jack County II*, an item of property is not multiply appraised unless it actually appears on the appraisal rolls of more than one appraisal district in the same year. *See* 2024 WL 5162690, at *10. Thus, evidence showing that individual compressors listed on Wise County's appraisal rolls were never reported to Palo Pinto County (and thus did not appear on its appraisal rolls) is highly relevant to—and, in fact, dispositive of—the Section 25.25(c)(2) inquiry. *See* Tex. Tax Code § 25.25(c)(2).

purposes, they did not exist in the form or at the location described in WCAD's appraisal rolls for the 2013–2016 tax years. We disagree.

As we explained in *Jack County II*, courts have uniformly interpreted the "form" of property as used in Tax Code Section 25.25(c)(3) to mean its identification as a type of property listed under Section 25.02(a), such as real property or personal property. *See* 2024 WL 5162690, at *23 (quoting *Dall. Cent. Appraisal Dist. v. G.T.E. Directories Corp.*, 905 S.W.2d 318, 321 (Tex. App.—Dallas 1995, writ denied)); *see also Henderson Cnty. Appraisal Dist.*, 2025 WL 965963, at *6 ("The term 'form' means 'a physical description of the property other than its appraised value or its use, such as real property, personal property, or an improvement to real property.'" (quoting *Curtis C. Gunn, Inc. v. Bexar Cnty. Appraisal Dist.*, 71 S.W.3d 425, 428 (Tex. App.—San Antonio 2002, pet. denied))). Here, there is no dispute that the compressors constitute personal property as described in WCAD's appraisal rolls. *See* Tex. Tax Code § 1.04(4) ("'Personal property' means property that is not real property."). Accordingly, we reject J-W Power's argument that the compressors did not exist in the form described in WCAD's appraisal rolls. *See Jack County II*, 2024 WL 5162690, at *25.

We likewise reject J-W Power's argument that the compressors did not exist at the location reflected in WCAD's appraisal rolls. J-W Power does not assert that the compressors were not physically located within Wise County; rather, it merely contends that WCAD had no right to appraise the compressors physically present

14

within its jurisdiction because, as DHEI, their tax situs was Palo Pinto County. But as we explained in *Jack County II*, the term "location" as used in Tax Code Section 25.25(c)(3) means physical location, not tax situs. *See id.* at *19–22. Because there is no dispute that the compressors listed on WCAD's appraisal rolls were physically located in Wise County, J-W Power's location-based argument under Section 25.25(c)(3) fails. *See id.* at *25; *see also Henderson Cnty. Appraisal Dist.*, 2025 WL 965963, at *6 ("[B]ecause the compressors at issue did, in fact, exist in Henderson County, Section 25.25(c)(3) is not an appropriate remedy." (citations omitted)); *J-W Power Co. v. Duval Cnty. Appraisal Dist.*, No. 04-21-00172-CV, 2022 WL 789345, at *7 (Tex. App.—San Antonio Mar. 16, 2022, no pet.) ("J-W Power's argument is an end run around the rule that [Section] 25.25(c)(3) cannot be used to challenge the extent to which a certain type of property, physically located in an appraisal district, is taxable in that appraisal district.").

Accordingly, we overrule J-W Power's first and second issues.

### III. Conclusion

Having overruled J-W Power's first, second, and fourth issues, but having sustained its third issue in part to the extent that the trial court erred by failing to order WCAD to remove the one overlapping compressor from its appraisal rolls, we reverse the trial court's judgment as to compressor unit 6325 for the 2015 tax year. We remand this matter to the trial court for a determination of any attorney's fees to

15

be awarded and a calculation of any potential refund of taxes and interest. In all other respects, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: May 28, 2026